**DURHAM JONES & PINEGAR**
R. Stephen Marshall (2097)
Erin T. Middleton (10666)
Attorneys for defendant KeyBank, N.A.
111 East Broadway, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: smarshall@djplaw.com
Email: emiddleton@djplaw.com

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| BRYAN MENA,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION F/K/A WASHINGTON MUTUAL BANK, KEY BANK, NATIONAL ASSOCIATION AND JOHN AND JANE DOES OF AN UNKNOWN NUMBER,<br><br>Defendants. | **ANSWER OF DEFENDANT KEYBANK, N.A.**<br><br>Civil No. 2:10-cv-00065<br><br>Judge Dale Kimball |

Defendant KeyBank, N.A., ("KeyBank") hereby answers plaintiff's Complaint as follows.

### FIRST DEFENSE

The Complaint fails to state a claim against KeyBank on which relief can be granted.

**SECOND DEFENSE**

Answering the particular allegations in the Complaint, KeyBank admits, denies, and avers as follows:

Parties, Jurisdiction, and Venue

1.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

3.      KeyBank admits the allegation in Paragraph 3 that its principal place of business is in Ohio.  KeyBank denies the remaining allegations in Paragraph 3.

4.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the same.

5.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same.

6.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same.

Background Facts

8.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same.

9.      KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the same.

10.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies the same.

11.     KeyBank denies the allegations in Paragraph 11.  KeyBank alleges that plaintiff entered into a home equity loan transaction with KeyBank and that he executed several documents in connection therewith including a "Key Equity Options Agreement" and a "Home Equity Line Deed of Trust," each of which was dated February 12, 2008.

12.     KeyBank admits the allegation in Paragraph 12 that plaintiff executed a Home Equity Line Deed of Trust, that KeyBank is the trustee under the deed of trust, and that the deed of trust was recorded in the Utah County Recorder's Office on February 22, 2008, as Entry No.10354501, Book 9573, pages 1925-1937.  KeyBank denies the remaining allegations in Paragraph 12.  KeyBank alleges that the trust deed was executed on February 12, 2008.

13.     KeyBank admits the allegation in Paragraph 13 that it is the beneficiary under the deed of trust executed by plaintiffs.  KeyBank denies the remaining allegations Paragraph 13.

14.     KeyBank denies the allegation in Paragraph 14 that it designated a "Servicer" for the loan that it made to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies the same.

15.     KeyBank denies the allegation in Paragraph 15 that it was provided a line of credit by "undisclosed warehouse lenders," that its loan was pooled with any other "Notes," or that its loan to plaintiff was sold.  KeyBank is without knowledge and information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 15 and, therefore, denies the same.

16.     KeyBank denies the allegation in Paragraph 16 that it has been reimbursed all sums advanced by it pursuant to its loan to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies the same.

17.     KeyBank denies the allegation in Paragraph 17 that its function was limited to obtaining a "Note" "in exchange for a fee, as a preliminary step to securitization of the obligations under its loan with plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies the same.

18.     KeyBank denies the allegation in Paragraph 18 that its loan to plaintiff was pooled and sold.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies the same.

19.     Deny.

20.     KeyBank denies the allegation that it transferred the loan that it made to plaintiff. KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies the same.

21.     KeyBank denies the allegation that it transferred the loan that it made to plaintiff and that it is not the present obligee of such loan.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies the same.

22.     KeyBank admits the allegation in Paragraph 22 that the trust deed that plaintiff executed in connection with the loan to him has not been assigned or transferred.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies the same.

23.     KeyBank denies the allegation that a "Servicer" has been designated with respect to the loan that it made to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies the same.

24.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies the same.

25.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies the same.

First Cause of Action

29.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 28 above.

30.     KeyBank denies the allegation that a "Servicer" has been designated with respect to the loan that it made to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, therefore, denies the same.

31.     KeyBank denies the allegation that a "Servicer" has been designated with respect to the loan that it made to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies the same.

32.     KeyBank denies the allegation that a "Servicer" has been designated with respect to the loan that it made to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies the same.

33.     KeyBank denies the allegation that a "Servicer" has been designated with respect to the loan that it made to plaintiff.  KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies the same.

34.     Deny.

35.     Deny.

36.     Deny.

<u>Second Cause of Action</u>

37.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 36 above.

38.     Deny.

39.     Deny.

40.     Deny.

Third Cause of Action

41.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 40 above.

42.     Deny,

43.     Deny.

44.     Deny.

Fourth Cause of Action

45.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 44 above.

46.     Deny.

47.     Deny.

48.     Deny.

49.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies the same..

50.     KeyBank is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, therefore, denies the same.

51.     Deny.

52.     Deny.

<u>Fifth Cause of Action</u>

53.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 52 above.

54.     Deny,

55.     Deny.

56.     Deny.

57.     Deny.

<u>Sixth Cause of Action</u>

58.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 57 above.  KeyBank denies the remaining allegations in Paragraph 58.

59.     Deny,

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

<u>Seventh Cause of Action</u>

66.     KeyBank incorporates by reference its admissions, denials, and averments in Paragraphs 1 through 65 above.

67.     Deny,

68.     Deny.

69.     Deny.

70.     Deny.

71.     KeyBank denies each allegation in the Complaint that is not specifically admitted

herein.

### THIRD DEFENSE

Plaintiff's claims are barred on the grounds of waiver, laches, and estoppel.

### FOURTH DEFENSE

The claims in plaintiffs' Second Cause of Action are barred by the statute of limitations

found at 12 U.S.C. § 2614.

### FIFTH DEFENSE

Plaintiff's claims are barred for failure to mitigate their damages.

### SIXTH DEFENSE

Plaintiff's claims under their Third Cause of Action are barred on the ground that the

provisions of Regulation Z cited in Paragraphs 42 and 43 of the Complaint do not apply to an

open-end credit transaction.  The Key Equity Options Agreement signed by plaintiff provides

that that the loan is an open-end, revolving line of credit with a variable rate of interest.

### SEVENTH DEFENSE

Plaintiff's claim under their Fourth Cause of Action is barred on the ground that the

"[a]pplicable law" referenced in Paragraphs 46 and 47 of the Complaint is preempted by the

National Bank Act, 12 U.S.C. § 85.

## EIGHTH DEFENSE

Plaintiff's claims are barred on the ground that they failed to join one or more parties under Rule 19, Fed. R. Civ. P.

## NINTH DEFENSE

The claims in plaintiffs' Third Cause of Action are barred by the statute of limitations found at 15 U.S.C. § 1640(e).

## TENTH DEFENSE

The claims in plaintiffs' Sixth Cause of Action are barred for failure to plead fraud with particularity as required by Rule 9(b), Fed. R. Civ. P.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds, including Utah Code Ann. § 25-5-4(1)(a) & (f) (2007).

## TWELFTH DEFENSE

Plaintiff's complaint must be dismissed pursuant to Rule 4(m), Fed. R. Civ. P., since it was not served on KeyBank within 120 days after the complaint was filed.

## THIRTEENTH DEFENSE

Pursuant to the terms of the loan documents executed by plaintiff, KeyBank is entitled to an award of its reasonable attorneys' fees.

WHEREFORE, KeyBank demands that plaintiff's complaint be dismissed with prejudice and on the merits, that plaintiffs take nothing thereby, that judgment of no cause of action be entered against plaintiffs and in favor of KeyBank, that KeyBank be awarded its costs and a

reasonable attorneys' fee, together with such additional relief as the Court may deem fair and just.

DATED this 26th day of July, 2010.

**DURHAM JONES & PINEGAR**

By:  /s/ R. Stephen Marshall
    Attorneys for defendant KeyBank NA
    111 East Broadway, Suite 900
    Salt Lake City, Utah 84111
    Telephone: (801) 415-3000

## CERTIFICATE OF SERVICE

I hereby certify that, on the 26th day of July, 2010, a true and correct copy of the

foregoing ANSWER OF DEFENDANT KEYBANK, N.A., was served by the method indicated

below, to the following:

| | | |
|---|---|---|
| Jeremy Rogers | (X) | Electronic CM/ECF Notification |
| 5416 South 550 East | ( ) | U.S. Mail, Postage Prepaid |
| Murray, Utah  84107 | ( ) | Hand Delivered |
| Attorney for Plaintiff | ( ) | Overnight Mail |
| | ( ) | Facsimile |
| | ( ) | Email |
| | | |
| Ryan R. West | (X) | Electronic CM/ECF Notification |
| Parson & West PC | ( ) | U.S. Mail, Postage Prepaid |
| 40 W Cache Valley Blvd Ste 8A | ( ) | Hand Delivered |
| Logan, UT  84341 | ( ) | Overnight Mail |
| Attorney for Plaintiff | ( ) | Facsimile |
| | ( ) | Email |
| | | |
| James D. Gilson | (X) | Electronic CM/ECF Notification |
| J. Tayler Fox | ( ) | U.S. Mail, Postage Prepaid |
| Callister Nebeker & McCullough | ( ) | Hand Delivered |
| 10 E South Temple Ste 900 | ( ) | Overnight Mail |
| Salt Lake City, UT  84133 | ( ) | Facsimile |
| Attorneys for JPMorgan Chase Bank | ( ) | Email |

   /s/ R. Stephen Marshall